IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| 4 WEST, LLC, et al.,  Plaintiffs, | : |
| v. | : Case No. 3:22-cv-059 |
| AUTO-OWNERS (MUTUAL) INSURANCE COMPANY, | : JUDGE WALTER H. RICE |
| Defendant. | : |

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO DISMISS (DOC. #6) AND SUPPLEMENTAL MOTION TO DISMISS (DOC. #10) WITHOUT PREJUDICE TO RENEWAL WITHIN FOURTEEN (14) DAYS OF THE OHIO SUPREME COURT'S DECISION IN *MCCULLOUGH V. BENNETT*, 168 OHIO ST.3d 1414, 196 N.E.3d 840 (TABLE), 2022-OHIO-3636, IF THE DECISION OF THE OHIO SUPREME COURT IS NOT DISPOSITIVE OF THE MOTIONS; IF RENEWAL OF THE MOTIONS IS MADE, DEFENDANT SHOULD ADDRESS IN ITS FILING THE APPLICABLE STATUTES OF LIMITATIONS

---

Before this Court is a Motion to Dismiss, Doc. #6, and Supplemental Motion to Dismiss, Doc. #10, filed by Defendant, Auto-Owners (Mutual) Insurance Company ("Defendant"). Plaintiffs, 4 West, LLC, and Robert Hull (collectively "Plaintiffs") have not filed a response. For the reasons set forth below, Defendant's Motion to Dismiss, Doc. #6, and Supplemental Motion to Dismiss, Doc. #10, are overruled without prejudice to renewal within fourteen (14) days of the Ohio Supreme Court's decision in *McCullough v. Bennett*, 168 Ohio St.3d 1414, 196 N.E.3d 840 (Table), 2022-Ohio-3636, if in the opinion of the moving party herein, said decision is <u>not</u> dispositive of the captioned motions.

I.      **Procedural Background**

The case before the Court was originally filed on January 3, 2020, by 4 West, LLC ("4 West"), a Kentucky limited liability company, against Auto-Owners (Mutual) Insurance Company ("Auto-Owners"). It was later dismissed without prejudice by a Stipulation filed March 11, 2021. *4 West, LLC v. Auto-Owners (Mutual) Insurance Company*, Case No. 3:20-cv-00001, United States District Court for the Southern District of Ohio, Western Division at Dayton, Doc. #37.  On March 1, 2022, Plaintiff Robert E. Hull ("Hull"), a Kentucky resident and the sole member of Plaintiff 4 West, refiled the Complaint on behalf of himself and the limited liability company. Doc. #1, PageID#2. Hull is not authorized to practice law in Ohio. With the exception of the addition of Hull as a party Plaintiff, the refiled action is identical to the original Complaint filed on January 3, 2020.

The refiled Complaint alleges that Defendant issued a Tailored Protection Insurance Policy ("Policy") to 4 West for premises located at 4 W. Main Street, Springfield, Ohio ("the Premises"). *Id.* Plaintiffs further allege a water loss occurred at the Premises on January 4, 2018, causing damages in excess of $2,428,999.76, and that Auto Owners failed to comply with the terms of the Policy and only paid $710,433. 59 for repairs to the Premises. *Id.*, PageID##4 and 10.  Hull and 4 West sought a declaration of Defendant's legal obligations under the Policy and asserted claims for breach of contract, breach of fiduciary duty and bad faith. *Id.*, PageID#2.

On March 15, 2022, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Doc. #6. It argued that Plaintiff Hull lacked standing to file suit against Defendant, since he was not a party to the Policy and did not assert any personal claims for injury or damage. *Id.*, PageID#27. Defendant further contended that, because Hull is not an attorney and not permitted to file suit on behalf of 4 West, the refiled lawsuit is a "legal nullity." *Id.*, PageID##30-32. On April 4, 2022, counsel entered an appearance for Plaintiffs and on April 27, 2022, Defendant filed a Supplemental Motion to Dismiss ("Supplemental Motion"). Doc. #10. In its Supplemental Motion, Auto Owners incorporated its earlier Motion to Dismiss, Doc. #6, and further argued that the refiled Complaint was time-barred. Defendant contended that because the refiled Complaint was voluntarily dismissed by Stipulation on March 11, 2021, pursuant to Fed. R. Civ. P. 41(a), Plaintiffs had until March 11, 2022, to refile their case pursuant to Ohio Revised Code §2305.19(A), the Ohio Savings Statute.

On August 22, 2022, counsel for Plaintiffs filed a Motion to Withdraw, Doc. #15, and on September 7, 2022, the Court, noting that Hull and 4 West failed to respond to said motion, sustained same. Doc. #16. Successor counsel entered an appearance on October 31, 2022, Doc. #17, and moved the Court for an extension of time to November 21, 2022, to respond to Defendant's Motion to Dismiss and Supplemental Motion to Dismiss. Doc. #18. Although Plaintiffs' motion for an extension of time to respond was sustained by Notation Order, no response was filed.

3

## II. Legal Analysis

Auto Owners argues its Motion to Dismiss, Doc. #6, and Supplemental Motion to Dismiss, Doc. #10, should be sustained because Ohio Revised Code § 2305.19(A) required 4 West to file its Complaint within one year of March 11, 2021, the date the Stipulation dismissing the original Complaint without prejudice was filed. Although the refiled Complaint was filed on March 1, 2022, Defendant contends it is a "legal nullity" because Hull, who was representing 4 West, is a "non-attorney" and not licensed to practice law. *Cannabis for Cures v. State Bd. of Pharmacy*, 2018-Ohio-3193 (Ct. App. 2018) ("We have said that 'any filing by a non-attorney is viewed as a legal nullity,'" quoting *State v. Handcock*, 2016-Ohio-7096 (Ct. App. 2016). Although the Court agrees that this refiled action is a "legal nullity," it does not find that § 2305.19(A) required 4 West to refile its complaint within one year of the filing of the March 11, 2021, Stipulated Dismissal.

Section 2305.19(A), amended in 2004 and referred to as the "general saving statute," *Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, reads, in relevant part, as follows:

> (A) In any action that is commenced or attempted to be commenced, . . . if the plaintiff fails otherwise than upon the merits, the plaintiff. . . may commence a new action within one year after . . . the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

*Id*. 2305.19(A).

4

Based upon the <u>language</u> of the statute, 4 West may not have been required to refile its Complaint within one year of the March 11, 2021, Stipulated Dismissal. This is so because 4 West had sued for breach of contract, breach of fiduciary duty and bad faith. Pursuant to the language of § 2305.19(A), these claims <u>may</u> not have expired. The Ohio saving statute permits refiling of the complaint one year after the dismissal otherwise than on the merits "or within the period of the original applicable statute of limitations, <u>whichever occurs later</u>."[1]

On June 2, 2022, the Second District Court of Appeals issued its decision in *McCullough v. Bennett*, 2022-Ohio 1880, 190 N.E. 3d 126 (Ct. App. 2022). In this case, the state appellate court reversed the trial court and held, among other things, that a complaint, dismissed twice for failure to prosecute, but within the statute of limitations, and refiled a third time outside of the statute of limitations, was not time-barred. *Id.* The state court also held that refiling a complaint before the expiration of the applicable statute of limitations did not constitute a "use" under the saving statute, and therefore, did not invoke the one-use restriction under *Thomas v. Freeman*, 79 Ohio St.3d 221, 227, 680 N.E.2d 997 (1997) ("the savings statute can be used only once to refile a case").

> In the present case, however, McCullough's second filing, which occurred within the statute of limitations, did not take advantage of any right, benefit, or opportunity created by the savings statute. Indeed, McCullough already was authorized to file his second

---

[1] Defendant does not address whether the statute of limitations has run on 4 West's breach of contract, breach of fiduciary duty and bad faith claims, and neither will this Court.

5

> complaint by virtue of (1) the first complaint being dismissed without prejudice and (2) the original statute of limitations not expiring. Insofar as McCullough refiled his second complaint within the statute of limitations, R.C. 2305.19 simply recognized his ability to exercise a right that already existed. . . We decline to find that McCullough "used" the [saving] statute under circumstances where it availed him nothing and where he would have been just as well off if it had been repealed.

*Id.* at 135.

On October 19, 2022, the Ohio Supreme Court accepted an appeal of *McCullough*. 2022-Ohio-1880, 190 N.E.3d 126 (Ohio Ct. App. 2d Dist. Montgomery County 2022), cause dismissed, 168 Ohio St. 3d 1413, 2022-Ohio-3636, 196 N.E.3d 839 (2022) and appeal allowed, 168 Ohio St. 3d 1414, 2022-Ohio-3636, 196 N.E.3d 840 (2022). Because it is unknown whether the Ohio Supreme Court will issue a decision clarifying whether 4 West was required to refile its Complaint prior to March 11, 2021, one year from the date of its Stipulated Dismissal, Defendant's Motion to Dismiss, Doc. #6, and Supplemental Motion to Dismiss, Doc. #10, are overruled without prejudice to renewal within fourteen (14) days of the Ohio Supreme Court's decision in *McCullough v. Bennett*, 168 Ohio St.3d 1414, 196 N.E.3d 840 (Table), 2022-Ohio-3636, if in the opinion of Auto Owners, said decision is <u>not</u> dispositive of the captioned motions.

### III.  Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss, Doc. #6, and Supplemental Motion to Dismiss, Doc. #10, are overruled without prejudice to

6

renewal within fourteen (14) days of the Ohio Supreme Court's decision in *McCullough v. Bennett*, 168 Ohio St.3d 1414, 196 N.E.3d 840 (Table), 2022-Ohio-3636, if in the opinion of Auto Owners, said decision is <u>not</u> dispositive of the captioned motions. If renewal of the said motions is made, Defendant should address in its filing the applicable statutes of limitations.

Date: March 22, 2023

*[signature]*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE