IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

4 WEST LLC, et al.,  :

    Plaintiffs,

v.  :  Case No. 3:22-cv-59

AUTO-OWNERS (MUTUAL)  :  JUDGE WALTER H. RICE
INSURANCE COMPANY,

    Defendant.  :

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. #27); SUSTAINED AS TO PLAINTIFF HULL'S LACK OF STANDING, AND OVERRULED AS MOOT AS TO PLAINTIFF 4 WEST; FORTHCOMING ORDER TO SET A CONFERENCE CALL FOR VIRTUAL HEARING ON PENDING MOTION TO WITHDRAW AS COUNSEL (DOC. #49), WITH PLAINTIFFS WELCOME TO ATTEND VIRTUALLY

---

Before this Court is a Motion for Judgment on the Pleadings, Doc. #27, filed by Defendant, Auto-Owners (Mutual) Insurance Company ("Defendant"). Plaintiffs, 4 West, LLC, and Robert Hull (collectively "Plaintiffs"), filed a Memorandum in Opposition, Doc. #38, and Defendant has filed its Reply Brief. Doc. #39. For the reasons set forth below, Defendant's Motion, Doc. #27, is sustained in part and overruled in part as moot.

I.  **Procedural Background**

Case no. 3:20-cv-1, setting forth similar facts as herein, was filed on January 3, 2020, by 4 West, LLC ("4 West"), a Kentucky limited liability company, against Auto-Owners (Mutual) Insurance Company ("Auto-Owners");[1] however, the matter was dismissed without prejudice by way of a Stipulation filed March 11, 2021. *4 West, LLC v. Auto-Owners (Mut.) Ins. Co.*, Case No. 3:20-cv-1, United States District Court for the Southern District of Ohio, Western Division at Dayton, Doc. #37.

On March 1, 2022, Plaintiff Robert E. Hull ("Hull"), a Kentucky resident and the sole member of 4 West, refiled the Complaint under this captioned case number, on behalf of himself and 4 West. Doc. #1, PageID #2.[2] The Complaint alleges that Defendant breached the terms of the Tailored Protection Insurance Policy ("Policy") issued to 4 West, breached its fiduciary duty to 4 West, engaged in bad faith, and ultimately seeks a declaratory judgment and damages. *Id.*, PageID ##11–13. On March 15, 2022, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Doc. #6, arguing that Hull lacked standing to sue as he was not a party to the Policy and listed no individual claims, and that Hull's *pro se*

---

[1] The facts and claims laid out in the complaint for case no. 3:20-cv-1 are the same as those laid out in the instant case. The only notable exception is the inclusion of Robert E. Hull as a plaintiff.
[2] This Court's jurisdiction is based on diversity of citizenship. 28 U.S.C. §1332. 4 West is a Kentucky company and Hull is a resident of Kentucky. Auto-Owners is headquartered in Michigan. Venue is proper under U.S.C. § 1391 as the disputed insurance policy and associated claims involve a property in Springfield, Ohio.

filing on behalf of 4 West made the Complaint a "legal nullity" because he was not an attorney. *Id.*, PageID ##30–32. After counsel for Plaintiffs entered an appearance before the Court on April 4, 2022, Doc. #7, Defendant filed a Supplemental Motion to Dismiss ("Supplemental Motion") on April 27, 2022. Doc. #10. In the Supplemental Motion, Defendant again argued that Hull lacked standing, was not an attorney and thus not permitted to file suit on behalf of 4 West—which made the Complaint a "legal nullity"—and that the claims were time-barred. *Id.*, PageID ##46–49.

On March 22, 2023, the Court overruled both Defendant's Motion to Dismiss and Supplemental Motion. *See* Doc. #25. This Court agreed, without elaboration, that the March 1, 2022, "refiled action [wa]s a 'legal nullity.'" *Id.*, PageID #608. However, this Court also observed that the one-year window outlined in O.R.C. § 2305.19(A), the Ohio Savings Statute, did not stop 4 West from refiling its claims if they were still within the normal statute of limitations. *Id.*, PageID #609. Because Defendant's motions did not address the statute of limitations, neither did the Court. *Id.*, n. 1. The Court also observed that the potential outcome of the ongoing appeal of *McCullough v. Bennett,* 190 N.E.3d 126 (Ohio Ct. App. 2022), cause dismissed, 196 N.E.3d 839 (Ohio 2022) and appeal allowed, 196 N.E.3d 840 (Ohio 2022), might impact 4 West's refiling

3

timelines under the Ohio Savings Statute. Doc. #25, PageID #610.³ Because of those potential impacts, this Court provided a fourteen-day window after the Ohio Supreme Court issued a final order in *McCullough* for Defendant to renew its motions to dismiss. *Id.* However, because the Ohio Supreme Court only accepted the appeal on propositions of law that would not affect the instant case, *see 10/19/2022 Case Announcements*, 2022-Ohio-3636, this Court's previous order, Doc. #25, overruled Defendant's Motion to Dismiss and Supplemental Motion on grounds that are no longer relevant.

On April 3, 2023, Defendant filed the instant Motion for Judgment on the Pleadings, Doc. #27, contending that, when construing the complaint in the light most favorable to the Plaintiffs, all claims are either time barred or deficient as a matter of law, thus entitling Defendant to a judgment in its favor. *Id.* Defendant contends that Plaintiffs' breach of contract claim is time barred because the Complaint in the present case was not filed within the Policy's two-year contractual limitation period for bringing claims. *Id.*, PageID #723. Defendant alternatively argues that the Savings Statute's one-year window after the previous case was dismissed cannot save 4 West because, as argued in its previous Supplemental Motion, *see* Doc. #10, PageID ##46–49, the Notice of Appearance

---

³ The Supreme Court of Ohio accepted the appeal on October 19, 2022, on three propositions of law. *See McCullough v. Bennett*, No. 2022-0879 (Ohio S. Ct. appeal accepted Oct. 19, 2022), https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2022/0879. While oral arguments were heard on April 18, 2023, no order has been issued as of October 19, 2023. *See generally McCullough v. Bennett*, No. 2022-0879 (Ohio S. Ct. argued Apr. 18, 2023), https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2022/0879.

4

by 4 West's counsel "cannot be applied to [the] ... Complaint," which has been declared a nullity, to constitute a valid back-dated complaint. Doc. #27, PageID ##723–25.[4] Defendant also contends that both the bad faith and breach of fiduciary duty claims are time barred by the common law statute of limitations, *id.*, PageID ##725–26, that the breach of fiduciary duty claim separately fails for not alleging a special duty outside what is created by the Policy, *id.*, PageID ##726–27, and that Hull lacks standing to sue under the Policy, as it only covered 4 West and Hull failed to allege claims supporting his individual standing. *Id.*, PageID ##727–28. Defendant's final point addresses the Court's concerns about the potential impacts of the pending *McCullough* appeal and notes that the specific propositions of law under review are not dispositive to the central issue in this case. *Id.*, PageID #728.

On April 17, 2023, Plaintiffs filed a Motion for Extension of Time to File Response/Reply, Doc. #36, which the Court sustained via a notation order on April 18, 2023. On May 1, 2023, Plaintiffs filed their Memorandum in Opposition to the Motion, arguing that the Court already determined that O.R.C. § 2305.19(A) did not require their refiling within a year,[5] while also claiming that the state statute of

---

[4] The previous case, 3:20-cv-1, was dismissed via stipulation on March 11, 2021. This case was filed on March 1, 2022, Doc. #1, which is within the one-year Savings Statute. However, Notice of Appearance of Counsel on behalf of Plaintiff 4 West was not filed until April 4, 2022. Doc. #7. Therefore, even if this Court were to treat the Notice of Appearance as a *de facto* resubmission of the original complaint, the new date of the complaint, April 4, 2022, would still fall outside the one-year period allowed by the Savings Statute and thus be untimely.

[5] This Court has not held that O.R.C. § 2305(A) did not require refiling the case within a year of its dismissal. Rather, the Court previously observed, *without deciding*, that "[b]ased on the language of the [savings] statute, 4 West may not have been required to refile its Complaint within one year ...

5

limitations for written contracts, O.R.C. § 2305.06, was eight years at the time the policy was signed. Doc. #38, PageID #769. Plaintiffs also argue that their claims for bad faith and breach of fiduciary duty are not time barred because they involve on-going events "over approximately two years and at least through December 20, 2019," and, additionally, that the breach of fiduciary duty claim does not fail because they are not required to allege a special duty beyond the policy itself. *Id.*, PageID ##769–70.

In its Reply Brief, Doc. #39, Defendant again raised its contention that the contracted-for limitations in the Policy supersede the statutory statute of limitations, reasserted that the bad faith and fiduciary duty claims are time barred based on the claims' accrual date of February 5, 2018, and asserted that a breach of fiduciary duty claim does not stand alone as bad faith and breach of fiduciary duty claims are one and the same. *Id.*, PageID #773. Defendant also contends that Plaintiffs waived any objections on Hull's lack of standing because they failed to address it in their memorandum. *Id.*, PageID #774.

Finally, while the instant motion was under consideration, Joseph Stadnicar filed a Motion to Withdraw as Counsel for the Plaintiffs, Doc. #49, due to

---

because ... these claims *may* not have expired." Doc. #25, PageID #609 (emphasis in original). While the Court observed that the unresolved appeal in *McCullough v. Bennett*, 2022-Ohio 3636, might lead to a "decision clarifying whether 4 West was required to refile its Complaint prior to ... one year from the date of Stipulated Dismissal," *id.*, PageID #610, this was not a finding that 4 West was completely absolved from the one-year term of the Savings Statute.

6

Plaintiffs' failure to communicate in a timely manner or abide by the obligations of their agreement with counsel. *Id.*

## II. Legal Standard

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S.

7

662 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account." *Barany–Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

### III. Legal Analysis

As a preliminary matter, despite the Court's previous order overruling Defendant's Motion and Supplemental Motions to Dismiss, Doc. #25, and providing that the motions could be renewed within fourteen (14) days after the Ohio Supreme Court decided the appeal in *McCullough v. Bennett*, No. 2022-0879, Defendant has, in effect, renewed said motions via the instant Motion for Judgment on the Pleadings. Doc. #27. However, because Plaintiffs had the opportunity to respond to the motion and elected to do so, *see* Doc. #38, there is no bias towards the Plaintiffs in addressing the motion. Therefore, in light of the parties' arguments, and after a closer examination of the issues accepted by the Ohio Supreme Court in *McCullough v. Bennett*, it appears to the Court that the outcome of that appeal will not affect this litigation and the instant motion may proceed.

As to the merits, Auto Owners contends its Motion for Judgment on the Pleadings, Doc. #27, should be sustained because 4 West failed to file its Complaint within the one-year window allowed under O.R.C. § 2305.19(A). Further, Auto Owners argues that addressing this failure in light of the insurance policy's two-year limitation term for bringing suit, the four-year common law statute of limitations for the non-contract claims, a deficiency in Plaintiffs' pleading regarding fiduciary duty, and Hull's lack of individual standing, make all of the claims untimely or otherwise deficient and thus entitles Auto Owners to favorable judgment. *Id.* Plaintiffs contend that their refiling was not foreclosed by the one-year clause in O.R.C. § 2305.19(A) and, because the relevant statutes of limitations for all their claims have not yet run, judgment on the pleadings is inappropriate. Doc. #38.

### a. The Complaint as a "Legal Nullity"

In the Court's previous order, Doc. #25, the Court observed without elaboration that that the Complaint was a "legal nullity." *Id.*, PageID #608. 28 U.S.C. § 1654 provides that "in all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel." (emphasis added). However, "'[a] nonlawyer can't handle a case on behalf of anyone except himself.'" *Zanecki v. Health Alliance Plan*, 576 Fed. Appx. 594, 595 (6th Cir. 2014) (quoting *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) (alteration in original)). Therefore, because 28 U.S.C. § 1654 does not allow a person to appear *pro se* on behalf of another person's interests, *see Shepherd v.*

9

*Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)), Hull's attempt to file a *pro se* complaint for 4 West failed as a matter of law, making it a "legal nullity." *See also Nat'l Ind. Theater Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609 (11th Cit. 1984) (observing the corporation and its sole shareholder "were separate legal persons and [28 U.S.C. §] 1654 precluded [the shareholder] from appearing *pro se*" for another person).

When "a complaint amounts to a nullity ... the original complaint was without legal effect[.]" *Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2006) (affirming the district court's denial of a motion to amend a complaint that was a legal nullity). Because Hull improperly filed the Complaint, Doc. #1, on behalf of both himself and 4 West, the legal result was a *pro se* complaint for Hull as an individual and no complaint of record for 4 West. While 4 West eventually retained and shared counsel with Hull, no separate complaint, nor a motion seeking the Court's permission to file a separate complaint, was ever filed on behalf of 4 West. Thus, with no valid complaint on file for Plaintiff 4 West, the Motion for Judgment on the Pleadings is overruled as moot as to 4 West.

### b. Plaintiff Hull's Standing

Auto Owners contends that Hull lacks standing to bring any of the claims laid down in the Complaint as the Policy was between 4 West and Auto Owners and only 4 West suffered damages. Doc. #27, PageID #727. Plaintiffs failed to address Defendant's contention in their Memorandum in Opposition, Doc. #38, and

10

Defendant argues that "failure to object is a waiver of any objection or argument." Doc. #39, PageID #774.

"The plaintiff bears the burden of establishing standing," *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)), which includes showing (1) an injury-in-fact that is actual and particularized to the complainant; (2) causally linked to the defendant's alleged actions; (3) that can be redressed by the court. *Id.* (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 560-61 (1992).

The Court finds that Hull has failed to meet this threshold burden. While the Complaint asserts Hull is "4 West's sole member," Doc. #1, PageID #1, the Policy, Doc. #26-1, is between Auto Owners and 4 West, *id.*, PageID #638, and Hull's name appears nowhere in the Policy. *See generally id.* Hull was not a party to the Policy, and thus lacks standing to sue Auto Owners for a breach of that Policy. Hull has also failed to offer this Court any arguments or evidence showing that Auto Owners individually owed him a special duty separate from any special duty owed to 4 West, and that it has breached that obligation. Finally, the Complaint, Doc. #1, PageID ##11–12, only alleges damages suffered by 4 West and does not include individual damages suffered by Hull. For these reasons, the Court finds Hull lacks standing and sustains Defendant's motion to dismiss Hull's claims for relief.

11

### IV. Conclusion

For the reasons set forth above, Defendant's Motion for Judgment on the Pleadings, Doc. #27, is sustained as to Hull's lack of standing, and overruled as moot as to 4 West. With no pending complaint against Auto-Owners, a separate forthcoming order shall set a conference call to address the status of the case.

During that conference call, the Court will also hold a hearing on the Motion to Withdraw as Counsel for Plaintiffs. Doc. #49. Plaintiffs are welcome to attend virtually, and counsel shall notify Plaintiffs of the time and details of the hearing.

The Court will rule on the motion of Plaintiffs' counsel to withdraw at the conclusion of the hearing. Following the hearing and conference call, the parties, the Defendant and the Plaintiffs, either with or without counsel, will have twenty (20) days to file any briefs or responses they have regarding the instant order. Defendant will also be provided with the opportunity to brief the Court on fees and costs they have incurred due to Plaintiffs' failure to comply with discovery requests and dilatory tactics that have caused several changes in representation. These costs may well be assessed against the Plaintiffs, and payment of the same may be made a condition precedent to the filing of a new complaint[6] filed under a new case number.

Moving forward, all future filings by the Plaintiffs, whether *pro se* or through the appearance of present or new counsel, will only be allowed by leave of the Court. This includes, but is not limited to, notices of appearance for new counsel and any

---

[6] One cannot amend a complaint that has been declared a nullity.

motions to file a new complaint. Failure to follow these instructions will result in an involuntary dismissal of the case under Rule 41(b) of the Federal Rules of Civil Procedure.

Date: October 23, 2023

*Walter H. Rice*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE